**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Stephen Andrew Hodgson,** **Civil No. 01-2268 (JRT/SRN)**

**Plaintiff,**

**v.** **ORDER**

**David Crist, Warden of MCF-STW;**
**Tim Lanz, Regina Stepney,**
**Kari Jo Ferguson, and John Doe,**

**Defendants.**

---

Stephen Andrew Hodgson, appearing Pro Se

Mark B. Levinger, Esq., on behalf of Defendants

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above entitled matter came before the undersigned United States Magistrate Judge on Plaintiff's Motion to Amend the Complaint Pursuant to Rule 15 (Doc. No. 12). This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, Plaintiff's motion is denied.

The Pretrial Scheduling Order issued by the undersigned included the following requirement: "All motions which seek to amend the pleadings or add parties must be filed and served, including any memorandum of law and all supporting documents, *on or before March 15, 2002*." (emphasis added). Plaintiff's motion to amend his pleadings was not filed until July 29, 2002, approximately four and a half months after the March 15, 2002 deadline. (Doc. No. 12). Thus, Plaintiff's motion did not comply with the Pretrial Scheduling Order.



SEP 2 5 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

"Where, as here, the deadline for the amendment of pleadings has long since expired, the propriety of the Motion for leave to amend 'is most properly considered within the framework of Rule 16(b), Federal Rules of Civil Procedure.'" Luigino's, Inc. v. Pezrow Companies, 178 F.R.D. 523, 525 (D. Minn. 1998) (citations omitted). Although "[i]t is true that the Federal Rules are usually liberally construed to permit parties to amend pleadings" under Rule 15, "[a]s regards case management orders . . . the Federal Rules set a less forgiving standard. Federal Rule of Civil Procedure 16(b) specifies that such an order 'shall not be modified except upon a showing of good cause and by leave of the district judge' [or by a magistrate judge]. Thus, a moving party must first make the requisite showing. *Even then* the district court retains discretion as to whether to grant the motion. As a vehicle designed to streamline the flow of litigation through our crowded dockets, we do not take case management orders lightly, and will enforce them." Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001) (emphasis added) (citing In re Milk Prods. Antitrust Litig., 195 F.3d 430, 437 (8th Cir. 1999)). Here, Plaintiff has not made any showing of good cause to modify the pretrial scheduling order. In fact, Plaintiff has not even made an argument that good cause exists for a modification. See Philip v. Ford Motor Co., 2001 WL 670834, at *2 (D. Minn. June 13, 2001) (denying motion to amend the complaint where the plaintiff "has not offered any explanation for his unseemly delay"). Accordingly, this Court denies Plaintiff's motion.

**THEREFORE, IT IS HEREBY ORDERED that:**

1. Plaintiff's Motion to Amend the Complaint Pursuant to Rule 15 (Doc. No. 12) is **DENIED**.

Dated: September 24, 2002

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge