**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Stephen Andrew Hodgson,**

**Plaintiff,**

**v.**

**David Crist, Warden of MCF-STW;**
**Tim Lanz, Regina Stepney,**
**Kari Jo Ferguson, and John Doe,**

**Defendants.**

**Civil No. 01-2268 (JRT/SRN)**

**ORDER**

---

Stephen Andrew Hodgson, appearing Pro Se

Mark B. Levinger, Esq., on behalf of Defendants

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above entitled matter came before the undersigned United States Magistrate Judge on Plaintiff's Motion for Order to Compel and For Contempt (Doc. No. 17 and 18) with regard to a subpoena served upon Mary Jane Cole. This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

## I. BACKGROUND

Plaintiff is a prisoner with the Minnesota Department of Corrections and has commenced a suit against various state officials for violating his constitutional rights under 42 U.S.C. section 1983. In his claim for damages, Plaintiff asserts that Defendants impermissibly limited his access to the courts by issuing Direct Orders that Plaintiff have no contact with individuals who were involved in the administration of and the purchase of property from Plaintiff's parents'



SEP 27 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

estate and the Hodgson Family Trust. Plaintiff's parents are both deceased. Plaintiff claims that these Direct Orders prevented him from addressing alleged improprieties in connection with the sale of property in Plaintiff's parents' estate and from the Hodgson Family Trust.

On August 7, 2002, Plaintiff caused a subpoena to be served upon Mary Cole, Plaintiff's sister, commanding her to produce the following: "All financial records stating all claimed assets of Stanley A. Hodgson, including but not limited to all financial records in probate file 99-3522-ES and all state and federal tax forms filed in his behalf." Mary Cole, through her attorney, timely objected to the subpoena in a letter to Plaintiff in accordance with Federal Rule of Civil Procedure 45(c). Plaintiff now moves this Court for an Order compelling Mary Cole to comply with the subpoena and for contempt. For the reasons set forth below, Plaintiff's motion is denied.

## II. PLAINTIFF'S MOTION FOR ORDER TO COMPEL AND FOR CONTEMPT WITH REGARD TO A SUBPOENA SERVED UPON MARY JANE COLE

### A. Parties' Positions

Plaintiff argues that the documents he requested from Mary Cole are relevant to his section 1983 action. Plaintiff argues that "the instant defendants are restraining plaintiff from petitioning the courts to order the release of the requested documents through the probate courts, so their very existence clearly makes them relevant." (Pl.'s Mot. to Compel and for Contempt, at 4). Plaintiff further argues that he "has a good faith belief that these documents will demonstrate that the instant defendants were acting in concert . . . with Ms. Cole and her attorney, knowingly or not, to conceal felony conduct." Id. Finally, Plaintiff argues that, aside from this subpoena, he has an independent right to view the documents as an heir to his parents' estate, and Mary Cole,

as Trustee of the Hodgson Family Trust and personal representative of the estate, has possession of the documents.

Mary Cole responds by arguing that there is a less burdensome alternative than forcing her to produce the documents, and, therefore, the subpoena should be quashed. Cole argues that, as to the Hodgson Family Trust, Plaintiff, in conformity with Florida law, receives all annual accounting reports relating to the Trust. As to the probate files of Plaintiff's parents, Cole argues that all files are on record with the Pinellas County Florida Probate Court wherein the estate was administered. Cole also points out that she received a discharge as personal representative of the estate on September 20, 2001, presumably because the estate was fully administered. Cole notes that the Direct Order directing Plaintiff to have no contact with certain persons was rescinded by the Minnesota Department of Corrections on October 31, 2000. Thus, Ms. Cole argues that Plaintiff "can obtain whatever files and records he wants relating to Mary L. Hodgson's estate from the Florida Probate Court."[1] (Mary Cole's Mem. Opp. Pl.'s Mot., at 6). In any event, Ms. Cole argues that the documents are irrelevant to the above captioned case.

**B. Discussion**

"As a matter of procedure, to secure protection from discovery, a nonparty may invoke the inherent power of the court . . . or Fed. R. Civ. P. 45(b)[2], if appropriate, to quash a subpoena." Micro Motion, Inc. v. Kane Steel Co., 894 F.2d 1318, 1322 (Fed. Cir. 1990). "While the burdens

---

[1] Apparently, when Stanley Hodgson died, all his property, other than that in Trust, passed to his wife Mary Hodgson so probate of Stanley Hodgson's estate was not necessary.

[2] Federal Rule of Civil Procedure 45 was amended in 1991 such that Fed. R. Civ. P. 45(c), as opposed to (b), is now the provision a party would invoke to quash a subpoena.

may vary somewhat depending on which rule or procedure is invoked, the substantive considerations for denying a party discovery are generally the same and may be gleaned from Rule 26(b), (c) and (g)." Id. "Because of liberal discovery and the potential for abuse, the federal rules 'confer[] *broad discretion* on the [district] court to decide when a protective order is appropriate and what degree of protection is required." Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2, 197 F.3d 922, 925 (8th Cir. 1999) (emphasis added) (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984)).

"[D]iscovery may not be had on matters irrelevant to the subject matter involved in the pending action." Miscellaneous Docket Matter #1, 197 F.3d at 925. "*Even if relevant*, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sough outweighs the need of the person seeking discovery of the information.'" Micro Motion, Inc., 894 F.2d at 1323; see also Miscellaneous Docket Matter #1, 197 F.3d at 925.

Given the concerns about discovery, a form of which is a subpoena duces tecum, "district courts should not neglect their power to restrict discovery where 'justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" Herbert v. Lando, 441 U.S. 153, 177 (1979) (citations omitted). Moreover, "'concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs.'" Miscellaneous Docket Matter #1, 197 F.3d at 927 (quoting Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998)); see also Exxon Shipping Co. v. United States Dept. of Interior, 34 F.3d 774, 779 (9th Cir. 1994) (noting that non-parties are given "special protection against the time and expense of complying with subpoenas").

With the instant subpoena, Plaintiff seeks to compel Mary Cole, a non-party, to produce documents that Plaintiff can obtain on his own initiative. Here, Plaintiff has not shown that he was unable to obtain information elsewhere despite diligent attempts to do so. The record before this Court suggests that Plaintiff can request the documents from the Florida probate court wherein his parents' estate was administered. Although Plaintiff argues that the original Direct Orders issued by the Minnesota Department of Corrections prevent him from seeking the release of the requested documents,[3] his argument fails. The record in this case demonstrates that any Direct Orders that were originally in place have now been rescinded. See Hodgson v. Cole et. al, File No. 82-C2-01-2858 (10th Judicial Dist. 2001) (noting that "the Direct Order against Plaintiff has already been rescinded by the Department of Corrections"); Hodgson v. Cole, 2002 WL 554349, at *1 (Minn. App. April 16, 2002) (explaining that "the 'Direct Order' had already been rescinded") (see also Mary Cole's Mem. Opp. Pl.'s Mot. at 6; Ex. A at 3). In addition, if the Direct Orders were still in place, this Court would be hesitant to override such Orders without at least affording the Department of Corrections an opportunity to be heard on the Orders' scope and validity. Thus, Plaintiff can by expending his own effort, time, and money obtain the very

---

[3] Plaintiff argues that the Direct Orders prevent him from petitioning the Florida courts to seek the release of the requested documents because the Florida courts will not hear a motion unless it is served upon all parties. This assertion is curious for two reasons. First, if the Direct Orders are currently in effect and really do, as Plaintiff suggests, prevent him from having contact with other parties in his parents' estate (including serving a motion upon such parties), then the Direct Orders should also bar Plaintiff from instituting the instant motion as Plaintiff served a motion upon a party in his parents' estate. Second, the requirement that all motions be served on all parties is standard civil procedure, however, this Court has been presented no evidence that merely requesting a court administration to copy and mail records requires an adversarial motion–not to mention the fact that Mary Cole is not a party to Plaintiff's latest lawsuit and would therefore not need to be served when requesting the Florida court administration to copy and mail Plaintiff documents.

documents he is burdening Mary Cole with a request to produce.

Plaintiff's request becomes even more burdensome when viewed through the protective lens of Mary Cole being a non-party. Here, an unwanted burden is clearly being thrust upon a non-party where the party issuing the subpoena can obtain the documents without the help of the non-party. See Miscellaneous Docket Matter #1, 197 F.3d at 927.

Moreover, although Plaintiff's claims may turn out to have merit, the subpoena shows at least some hint of the characteristics of a "fishing expedition." Presumably, the documents Plaintiff requested may be relevant to damages in his section 1983 claim against Defendants, but no where in Plaintiff's memorandum does he articulate that specific argument, and this Court will not provide Plaintiff with the benefit of such hypothesizing. Plaintiff's "good faith belief" that the documents will show that Defendants and Ms. Cole were "concealing felony conduct" is simply not a great enough showing for this Court to order a non-party to produce documents the Plaintiff can obtain on his own. Cf. Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997) ("Absent that kind of specific showing, Rule 56(f) does not condone a fishing expedition through the Department's grievance files searching for documents that might confirm Gardner's 'information and belief.'").

Given the "special weight" accorded to the concerns of non-parties, Miscellaneous Docket Matter #1, 197 F.3d at 927 (quoting Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998)), and the fact that Plaintiff can obtain the documents requested through is own efforts, this Court, in the exercise of its "broad discretion," Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2, 197 F.3d 922, 925 (8th Cir. 1999) (quoting Seattle Times Co.

v. Rhinehart, 467 U.S. 20, 34 (1984)), finds that Plaintiff's subpoena is unduly burdensome, and, therefore, the subpoena is quashed. FED. R. CIV. P. 45(c)(3)(A)(iv).

**THEREFORE, IT IS HEREBY ORDERED that:**

1. Plaintiff's Motion for Order to Compel and for Contempt (Doc. No. 17 and 18) is **DENIED;**

2. The subpoena issued to Mary Cole commanding her to produce "[a]ll financial records stating all claimed assets of Stanley A. Hodgson, including but not limited to all financial records in probate file 99-3522-ES and all state and federal tax forms filed in his behalf" is **QUASHED.**

Dated: September 26, 2002

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge