**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Stephen Andrew Hodgson,**

**Plaintiff,**

**v.**

**David Crist, Warden of MCF-STW;**
**Tim Lanz, Regina Stepney,**
**Kari Jo Ferguson, and John Doe,**

**Defendants.**

**Civil No. 01-2268 (JEL/SRN)**

**ORDER**

---

Stephen Andrew Hodgson, appearing Pro Se

Mark B. Levinger, Esq., on behalf of Defendants

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above entitled matter came before the undersigned United States Magistrate Judge on Plaintiff's Motion for Order to Compel and for Contempt (Doc. No. 20 and 21) with regard to subpoenas served upon Herbert Wensmann and Donald Pavek; and on this Court's Order to Show Cause (Doc. No. 29 and 30) why the subpoenas issued to Herbert Wensmann and Donald Pavek should not be granted. This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, Plaintiff's motion to compel and for contempt is denied.

## I. BACKGROUND

Plaintiff is a prisoner with the Minnesota Department of Corrections and has commenced a suit against various state officials for violating his constitutional rights under 42 U.S.C. section



FILED OCT 29 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

1983. In his claim for damages, Plaintiff asserts that Defendants impermissibly limited his access to the courts by issuing Direct Orders that Plaintiff have no contact with individuals who were involved in the administration of and the purchase of property from Plaintiff's parents' estate and the Hodgson Family Trust. Plaintiff's parents are both deceased. Plaintiff claims that these Direct Orders prevented him from addressing alleged improprieties in connection with the sale of property in Plaintiff's parents' estate and from the Hodgson Family Trust.

On July 30, 2002, Plaintiff caused a subpoena to be served upon Donald Pavek, commanding him to produce the following documents on August 28, 2002: "All financial receipts, cancelled checks, bank records, showing any and all funds paid to any party, entity, or company expended for the purchase of property or options: 15280 Eagle Creek Blvd., Prior Lake, Minnesota." Mr. Pavek did not object to the subpoena. Upon not receiving the documents, Plaintiff made a Motion for Order to Compel and for Contempt that was filed with the Court on September 3, 2002. On September 25, 2002, this Court issued an Order to Show Cause why Plaintiff's motion to compel and for contempt should not be granted. On October 9, 2002, Mr. Pavek responded to this Court's Order to Show Cause via an affidavit.

On August 7, 2002, Plaintiff caused a subpoena to be served upon Herbert Wensmann, commanding him to produce the following documents on August 28, 2002: "All financial receipts, cancelled checks, bank records, showing any and all funds paid to any party, entity, or company expended for the purchase of property or options: 15280 Eagle Creek Blvd., Prior Lake, Minnesota." Mr. Wensmann did not object to the subpoena. Upon not receiving the documents, Plaintiff made a Motion for Order to Compel and for Contempt that was filed with the Court on September 3, 2002. On September 19, 2002, Mr. Wensmann sent a letter to

Plaintiff asking for a clarification of what documents the subpoena was requesting. On September 23, 2002, Plaintiff, through Patricia Hodgson a person representing herself as Plaintiff's wife, arranged a three-way telephone conference with Mr. Wensmann's attorney to occur on September 26, 2002, however, such conference was never initiated. On September 25, 2002, this Court issued an Order to Show Cause why Plaintiff's motion to compel and for contempt should not be granted. On October 9, 2002, Mr. Wensmann responded to this Court's Order to Show Cause via an affidavit.

## II. DISCUSSION

Mr. Pavek's affidavit and attachment thereto provided all of his company's financial records regarding its involvement in the sale of real estate in the Prior Lake, Minnesota area by the Hodgson Family Living Trust. Mr. Pavek has sworn that he does not know of any other documents subject to Plaintiff's request, and this Court is satisfied that Mr. Pavek has now complied with the subpoena.

Mr. Wensmann's affidavit explained that he had "previously responded to a similar subpoena earlier this year from the same Plaintiff seeking essentially the same information." Upon review of Mr. Wensmann's affidavit, it appears that he has provided Plaintiff with all of Wensmann Realty, Inc.'s company financial records related to its purchase of real estate located in Prior Lake, Minnesota from the Hodgson Family Living Trust. Mr. Wensmann has sworn that he either does not have or does not have access to any additional records subject to Plaintiff's request, and this Court is satisfied that Mr. Wensmann has nothing left to produce that he has not already produced.

This Court does take the opportunity to remind counsel the proper procedure in

responding to a subpoena. Pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), a party receiving a subpoena has 14 days to serve a written objection upon the party or attorney causing the subpoena to be issued. As a general rule, failure to serve written objections to the subpoena constitutes a waiver of such objections. Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 48 (S.D.N.Y. 1996); American Elec. Power Co., Inc. v. United States, 191 F.R.D. 132, 136 (S.D. Ohio 1999); Alexander v. F.B.I.,186 F.R.D. 21, 33-34 (D.D.C. 1998). "In unusual circumstances and for good cause, however, the failure to act timely will not bar consideration of objections." Concord Boat, 169 F.R.D. at 48. Such circumstances and good cause may exist where: "(1) the subpoena is overbroad on its face and 'exceeds the bounds of fair discovery;' (2) the subpoenaed witness is a non-party acting in good faith; and (3) counsel for witness and counsel for subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged [the] legal basis for the subpoena." Id. (citations omitted).

"Rule 45(c)(2)(B) makes it incredibly simple for the recipient of a subpoena to object to its requests," Ventre v. Datronic Rental Corp., 1995 WL 42345, at *3 (N.D. Ill Feb. 2, 1995), yet neither Mr. Pavek nor Mr. Wensmann objected to the subpoena in writing, thus, their failure would ordinarily constitute a waiver. Then, in responding to this Court's Order to Show Cause, Mr. Pavek and Mr. Wensmann provided no explanation as to why they did not properly object to the subpoena in writing so as to avoid a waiver of any objections.[1] Since neither Mr. Pavek nor Mr. Wensmann has anything more to produce, however, this Court need not address waiver of objections as Mr. Pavek and Mr. Wensmann have complied with the subpoena. Also, no

[1] Mr. Wensmann's actions, however, may fit into exceptions two and three; while Mr. Pavek's actions may fit into exception two.

contempt sanctions are warranted.

**THEREFORE, IT IS HEREBY ORDERED that:**

**1.** Plaintiff's Motion for Order to Compel and for Contempt (Doc. No. 20) is **DENIED**.

**2.** In addition to the parties, the Clerk's Office shall deliver this order to the following address: Donald Pavek, The Pavek Family Investments Corporation, 7920 Lakeville Boulevard, Lakeville, Minnesota 55044; and Herbert Wensmann, Wensmann Realty Inc., 1895 Plaza Drive, Suite 200, Eagan, Minnesota 55122.

Dated: October 29, 2002.

SUSAN RICHARD NELSON
United States Magistrate Judge